(No. 4373—

JACK FLINT, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 5, 1951.*

BROWN, HAY AND STEPHENS; AND, ROSENGARD AND HECHT, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Jack Flint, seeks to recover from respondent for its alleged negligence in allowing holes and ruts to remain unrepaired on one of its highways, as a result of which claimant had an accident, which

demolished his automobile, and caused him serious personal injuries.

On May 15, 1950, at about 12:30 A.M., claimant started on a trip to his mother's home some 12 or 15 blocks from where he lived. The purpose of the trip was to pick up some vitamins for his baby. Claimant testified his trip was "an emergency like".

His route took claimant along Pulaski Road in a southerly direction between Foster Avenue on the north and Argyle Street on the south. Pulaski Road at the place in question is composed of a bridge and approaches thereto. The roadway is a variable fifty feet in width from curb to curb. Chicago Surface Lines tracks (two sets) occupy the center eighteen feet, five inches, and said agency is responsible for the surface maintenance of that area. The Department of Public Works and Buildings, Division of Highways, operates and maintains that part of the roadway east and west of the area occupied by the car tracks. In other words, the Department maintains two separate sections of roadway, each sixteen feet, more or less, in width. That part of the roadway reserved exclusively for vehicular traffic is paved with concrete, and, from time to time, has been maintained by the application of an asphaltic surfacing material. There are three high elevation street lights mounted on poles along the west side of Pulaski Road, and within the lateral limits of the section of highway where the alleged accident occurred.

Claimant stopped in the westerly of the two south bound lanes of Pulaski Road for a traffic light at Foster Avenue. When the light changed, he started up continuing in the westerly lane, and, at a point 137 feet south of the curb of Foster Avenue, he felt a

bumping sensation in his car, and started to pump his brakes, which he did six or seven times, but his car skidded, went out of control, careened across the car tracks, and crashed almost head-on into a northbound street car. The point where claimant first noticed the bumpy sensation was at the bottom of the incline over the bridge.

It had been raining earlier that evening, and the pavement was moist and damp. Three street lights, 30 feet high, were burning south of the point where the accident occurred.

It is conceded that the concrete surface of the highway near the point of the accident had been scaling, and there were numerous shallow holes in the pavement a little over one inch deep, and ranging up to 2 or 3 feet in diameter. However, claimant testified that he did not see any holes or ruts as he approached the point of the accident, although the street was illuminated, and his car lights were burning.

Two photographs introduced in evidence by claimant show many holes in the street at the scene of the accident, but all of the holes of any size are located in the easterly lane of the two south bound lanes, and the portions of the westerly lane of the two south bound lanes shown in such photographs are comparatively free of holes.

This Court must determine both the law and the facts in a case. Unlike Courts of Review, we cannot say, "It is for the jury", nor can we avoid our fact finding duties, as trial courts are able to do in jury cases.

Placing ourselves in the position of a fair and impartial jury, without bias or prejudice toward either party, and keeping in mind the many rules of law

relating to negligence, and contributory negligence, we find the issues in favor of respondent and against claimant.

We are just not satisfied that claimant has proven the allegations of his complaint by a preponderance of the evidence. True it is that an accident occurred, but we do not feel that respondent should be held liable on the basis of the testimony and exhibits in the record before us.

An award to claimant, Jack Flint, is, therefore, denied.